BALLINGER, &C.
*vs*
WALLER.

---

## Ballinger, &c. *vs* Waller.

### APPEAL FROM THE MASON CIRCUIT.

*Practice in Chancery suits.*

JUDGE SIMPSON delivered the opinion of the Court.

DANIEL H. BALLINGER purchased a tract of land, which having been conveyed to him by the vendor, he re-conveyed in mortgage, to secure the purchase money. He afterwards mortgaged the same land to Jeremiah S. Ballinger, and having failed to pay the purchase money, this suit in chancery was instituted for the purpose of having the mortgaged property sold to pay the debt; and both of the Ballingers were made defendants.

A decree was regularly rendered, and a sale of the land having been made by the commissioner appointed for that purpose, his report was returned at the November term, 1847, and the Court having approved of it, and confirmed the sale, at the same term, on the motion of the complainant, ordered a writ of possession to issue after the 10th day of March, 1848, to put the purchaser in possession of the land.

The only question made in this case, is in reference to the action of the Court in awarding the writ of possession.

The power of the Court to do it is not questioned; but it is contended that it was irregular to make the order, without having first, by rule or notice, apprised the defendants of the intended application.

COVENANT.

*Case 25.*

*January 1.*

Case stated.

BALLINGER, &c.
vs
WALLER.

Where the Chancellor decrees a sale of mortgaged lands—the sale is made and terms of sale complied with, it is proper to order a writ of *hab. fa.* against any of the parties to the suit, and fix the time at which it shall issue without any farther notice—being parties to the suit, they are bound to take notice. *Trabue vs Ingles,* (6 *B. Monroe,* 82.)

In the case of *Trabue* vs *Ingles,* (6 *B. Monroe,* 82,) it was held that the Chancellor decreeing the sale of mortgaged lands, might in the same decree, fix a period of time when the purchaser should have the possession, and authorize a writ of possession to issue at the expiration of that period, upon the commissioner's filing in the Clerk's office, his certificate that the terms of the sale had been complied with.

If it be competent for the Chancellor to award conditionally a writ of possession upon the hearing of the cause, before the sale is made, there would seem to be no valid objection to his ordering the writ after the sale has been made and confirmed by him, without first notifying the defendants that such order would be made.

It is, in fact, but a decretal order, necessary to the execution of the final decree. The parties to the suit are presumed to know what orders are appropriate, and notwithstanding a final decree has been rendered, are considered, for this purpose alone, however, as being still in Court until such orders are made and the decree completely executed; otherwise it would be necessary, before the Court could confirm the sale, or make any decretal order, to give notice to the defendants of the contemplated proceedings by the Court on the subject. If the parties intend to object to the confirmation of the sale as made, or to any other order indispensable to the execution of the decree, they are required to do it without notice, as they are presumed to have knowledge of every step taken towards this object.

Any other rule of practice would be inconvenient, and tend greatly to delay the final execution of decrees in chancery. Where the rights of third persons not parties to the suit, may be affected by the action of the Court, a different mode of proceeding might be proper.

The time when a writ of possession shall be directed to issue, must depend in each case, upon the season of the year, the state of the land in reference to growing crops, and other circumstances which may be calculated to influence the discretion of the Court in fixing the time. If the Chancellor should abuse this discretion, and act erroneously, his orders are subject to revision

The court should look to the condition of the crop on the land, and for an abuse of discretion, his order awarding the writ might be reversed.

and correction in this Court, as part of the final decree in the cause in which they may have been made.

In this case the defendants were in Court, and objected to the order awarding the writ of possession. The order was made in November, and the writ was directed to issue after the 10th day of the ensuing March. Reasonable time was allowed them to gather and remove any crop which they might have raised on the land the previous season. And even if a notice of such a motion were deemed necessary, as the plaintiffs in error were in Court when it was made, and heard in opposition to the motion, there exists no just cause of complaint on their part to the order made on the subject.

Wherefore, said decretal order is affirmed.

*Hord and J. & W. L. Harlan* for appellants; *Waller and Craddock* for appellee.